# United States District Court
### Eastern District of Missouri

UNITED STATES OF AMERICA  
v.  
FREDDIE FREENY  
*Defendant*

**ORDER OF DETENTION**  
☑ **PENDING TRIAL**

Case Number: 4:05CR0716 JCH

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f) a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part 1 - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
- ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ *
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☑ (1) There is probable cause to believe that the defendant has committed an offense
- ☑ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii)
- ☐ under 18 U.S.C. §924(c).

☑ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.

☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Neither party had any objections to the Pretrial Services Report (PSR) dated December 13, 2007, except with regard to page 3 of the PSR, Defendant states that he did not intentionally give a false name to the U.S. Marshal, but rather was confused and did not know who they were. Subject to the foregoing, the Court adopts and incorporates the PSR.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by
☑ a preponderance of the evidence that      ☑ clear and convincing evidence that

there is no condition or combination of conditions that will adequately assure Defendant's appearance and the safety of the community, for the reasons stated at the hearing and in the PSR. The Court notes that Defendant has an extensive criminal history, including prior convictions for drug-related offenses and for firearms offenses. He also has a history of committing new offenses while on probation. Further, Defendant has been unemployed for approximately ten years, has no economic ties to the community, and has a history of drug abuse for which it does not appear he has received treatment. He may also have knowingly avoided his arrest and given a false name to the U.S. Marshal, and is now facing serious charges that carry a substantial penalty, which could increase Defendant's incentive to flee.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: December 17, 2007

/s/ Audrey G. Fleissig  
*Signature of Judicial Officer*

Audrey G. Fleissig, United States Magistrate Judge  
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. 5801 *et seq.*) (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*) or (c) Section I of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Continued**